Stevens Edward SNOW, Plaintiff-Appellant,

v.

Michael FIKES, Toyota Motor Co., Ltd., Toyota Motor Sales, U. S. A., Inc., and Toyota Motor Distributors, Inc., Defendants-Respondents.

No. KCD 29387.

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

Sloan R. Wilson, McMullin, Wilson & Schwarz, Kansas City, for plaintiff-appellant.

J. D. James, Larry J. Tyrl, James, Odegard & Millert, Kansas City, for defendants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Plaintiff appeals a jury verdict in favor of the defendants in a tort action. The theory of plaintiff's claim against Toyota was that a radio antenna was defective in design; and, as against the individual defendant, the claim was based on negligence. Because this appeal must be dismissed for failure to comply with the rules, no further statement of facts is required.

Plaintiff was late in filing the transcript, and the appeal was dismissed. Pursuant to the plaintiff's motion, the appeal was reinstated and, after three successive continuances of the due date for filing of the transcript, a transcript was finally filed out of time and beyond the final due date for filing.

Because this action is to be dismissed for violation of the rules, the two points on appeal are set out in full.

### "POINT I

Where a Missouri approved verdict directing instruction is inadequate or unclear, and a jury is confused thereby, and is in need of enligh*tment*, and so indicates by a written message to the court, it is error for the trial court to refuse to properly enlighten the jury, either orally or in writing, and to tell the jury only to be guided by instructions already given.

### POINT II

The court erred in failing and refusing to let expert witness Forman testify as to how the manufacturer and designer could have made the product (exhibit 1) reasonably safe."

Explanatory of the first point of error, an examination of the transcript reveals that this point is directed to the instruction given by the *plaintiff* in this case, although the instruction is not set out in the plaintiff's brief as required by Rule 84.04(e). Plaintiff's first point, in any event, is nothing more than an abstract statement of the law and does not state what actions or rulings of the court are sought to be reviewed. *Middleton v. Meramec Mining Co.,* 545 S.W.2d 679 (Mo.App.1976). Examination of the motion for a new trial filed in this case reveals no comparable claim of error. What actually occurred is that the jury inquired as to the meaning of "defective" in MAI 25.04. The trial court, in writing, instructed the jury to be guided by all the instructions. About 45 minutes later, while the jury was still deliberating, plaintiff offered a definitional instruction which the court refused to give. Such contentions and disputes regarding instructions are not reviewable when the instructions are not set forth in the brief. *Sippel v. Custom Craft Tile, Inc.,* 480 S.W.2d 87 (Mo. App.1972).

Plaintiff's second point also fails to comply with Rule 84.04(d) because it fails to explain wherein and why the court erred. Merely stating what an alleged error is without an explanation of why the trial court's actions were erroneous neither satisfies Rule 84.04(d) nor preserves anything for review. *Powers v. Powers,* 544 S.W.2d 339 (Mo.App.1976). By resort to defendants' brief and aided in no respect by the brief of plaintiff, it is apparent that the refused testimony would not have been material or relevant to the issue of improper design which was the sole theory of liability against Toyota. The witness had already testified without objection that the antenna was improperly designed and dangerous and further had testified that it could have been made safe by proper design. It was only with respect to the manner of modifying the design that the objection was sustained.

Defendants also point out the statement of facts of plaintiff is in violation of

Rule 84.04(c). Even a cursory examination of plaintiff's brief indicates that the statement of facts is neither fair, concise, nor relevant to the issues raised.

Because of the repeated and critical violations of the rules governing briefing of causes on appeal, the respondents' request to dismiss the appeal must be sustained.

Appeal dismissed.

All concur.