William DOWLIN, d/b/a Dowlin Enterprises, Plaintiff-Respondent,

v.

The WESTERN CASUALTY AND SURETY COMPANY, Defendant-Appellant.

No. KCD 30109.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

Motion for Rehearing and/or Transfer Denied Dec. 31, 1979.

Hamp Ford, Jeffrey O. Parshall, Columbia, for defendant-appellant.

Rex V. Gump, Moberly, for plaintiff-respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

CLARK, Judge.

Plaintiff Dowlin commenced action against defendant insurer Western Casualty when, after loss by fire to Dowlin's business premises, Western denied payment of Dowlin's claim for the face amount of his policy. The cause was tried to the court on a stipulation of facts supplemented by evidence adduced by plaintiff. Western appeals from the judgment awarding Dowlin $10,000.00, the full indemnification under the insurance contract.

Western's brief states three points relied on to demonstrate error in the rulings of the trial court presented for appellate review. In each, Western asserts that a particular finding made by the court was error, but in none is any suggestion offered as to wherein and why the rulings so made are claimed to be erroneous. In this respect, the brief violates a fundamental requirement of Rule 84.04(d). Merely stating the alleged error without also specifying why it is contended that the court's action was erroneous neither satisfies the mandate of the rule nor preserves anything for review. *Snow v. Fikes*, 570 S.W.2d 815 (Mo. App.1978).

In abstract manner, Western claims it was error for the trial court to have found (1) that Dowlin suffered loss of stock and movable personal property in the amount of $6,928.13, (2) that loss of improvements and betterments were covered under Western's policy and (3) that Dowlin lost improvements to the value of $6,744.91. Such a

recitation of "points" offers little more than a complaint by a losing litigant that he failed to prevail. No suggestion or intimation is offered as to why it was error for the trial court to find that Dowlin's losses in the respective items of property were in the amounts stated nor is any indication given of the provisions in Western's policy which purport to exclude, or do not extend coverage to, the improvements and betterments.

Appellate courts are not obliged to seek out through examination of briefs to ascertain the intended meaning of points relied on as assertion of trial court error but are in fact under constraint to confine appellate review to points briefed in compliance with the rules of appellate procedure. *Haase v. Richmond*, 570 S.W.2d 341, 344 (Mo.App.1978). Such rules are applicable to court tried cases. *Long v. Lincoln*, 528 S.W.2d 512 (Mo.App.1975). Searching the transcript and argument portion of a brief to divine wherein and why error was committed not only places the appellate court in the role of advocate to the disadvantage of respondent, but entails the risk that a decision establishing precedent for future cases may be rendered on the basis of inadequate briefing and advocacy. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

In the circumstances of the present case and without retreat from the foregoing statements of the limitations imposed on appellate review in this case by reason of briefing deficiencies, we have, ex gracia, reviewed the transcript to determine if the findings of fact and conclusions of law announced by the trial court are supported by the evidence and correctly state and apply the law. We conclude that they do and that the judgment should be affirmed.

Judgment affirmed.

All concur.