**MAXBAR REALTY CORPORATION, Tomron Investment Corporation, and Meg Development Corporation, Appellants,**

v.

**THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Respondent.**

No. 43937.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Milton L. Schwartz, Clayton, for appellants.

Richard B. Specter, St. Louis, for respondent.

CRIST, Judge.

Plaintiffs appeal from denial of rentals for months of April, 1974 and July, 1976 alleged to be due to certain premises located in Suitland, Maryland. We affirm.

At the conclusion of oral testimony in this court tried case, defendant (A & P) filed a trial brief and attached two documents, Exhibit "C," entitled "Assignment of Monies Due" and Exhibit "D," labeled "Release and Cancellation of Lease and Guaranty Agreement." Plaintiffs assert error in the admission of these exhibits into evidence, claiming: (1) there was no proper foundation laid for the introduction of the documents into evidence, (2) the exhibits are irrelevant and immaterial.

Prior to the introduction of oral testimony, plaintiffs stipulated as to the foundation on which these exhibits would be admitted into evidence, reserving objection only as to relevancy and materiality. It is settled that a stipulation entered into under the trial court's supervision will be enforced until it is disputed or rescinded. *McKinnies v. Universal Cartage and Delivery*, 582 S.W.2d 358, 360 (Mo.App.1979). Since the stipulation has been neither challenged nor set aside, we move on to plaintiffs' assertion that the documents are irrelevant and immaterial.

Plaintiffs staked their claim on an "Indemnity Agreement" dated November 13, 1974. On March 8, 1977, plaintiffs entered into two agreements with the owners of the premises at issue in this case. These instruments are represented by Exhibits "C" and "D." The exhibits deal with a ground lease of October 14, 1963. This particular ground lease is specifically mentioned in the "Indemnity Agreement." The link, then, between these exhibits and the "Indemnity Agreement" could be ascertained by the trial court. Since their admission into evidence was substantially

within the discretion of the trial court, and there has been no demonstration of misuse of that discretion, we rule against plaintiffs on this point. *Ferguson v. Overhead Door Co. of Springfield*, 549 S.W.2d 356, 361 (Mo. App.1979).

Plaintiffs' Point II preserves nothing for review as it does not state what actions or rulings of the court are sought to be reviewed. Rule 84.04(d), *Dowlin v. Western Cas. & Sur. Co.*, 592 S.W.2d 486, 488 (Mo.App.1979). Point II reads:

> The Court erred in finding that Respondent had no rental liability to Appellants for rent owed for the months of April, 1974 and July, 1976.

In any event, we have reviewed this point and determine that there was sufficient evidence for the trial court to find that A & P had no rental liability to plaintiffs for rent owed for the months of April, 1974 and July, 1976.

Plaintiffs have also filed a motion to strike particular portions of A & P's brief because it quotes a deposition not admitted in evidence. The excerpts from the deposition do not impede our determination of the case on the merits. Accordingly, the motion to strike is overruled. *Zurheide-Hermann, Inc. v. London Square Dev. Corp.*, 504 S.W.2d 161, 164 (Mo.1973).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.