Kevin A. FOSTER, Petitioner/Appellant,

v.

Tammy M. FOSTER,
Respondent/Respondent.

No. 61337.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 21, 1993.

Cynthia Smyrniotis Moseley, Clayton, for petitioner/appellant.

Donald E. Heck, Clayton, for respondent/respondent.

KAROHL, Chief Judge.

Petitioner/Father, Kevin Foster, appeals from a pendente lite order granting Respondent/Mother, Tammy Foster, custody of their minor child, Justin Foster, child support in the amount of $520 per month and $1,000 for attorney's fees. We affirm.

The parties were married on September 20, 1985. Justin was born on October 25, 1986. Father left the household in December 1988. In a proceeding not a part of the present record, a court ordered Father to pay Mother $200 per month child support. Father moved to Salem, Missouri, in November of 1989. Sometime in 1989 or 1990, he stopped paying child support after paying approximately $2,000. In 1990 and into 1991, Mother experienced financial difficulties and moved in with her mother. The child visited Father in Salem for agreed periods in 1990 and 1991. On March 17, 1991, Father took his son to his home in Salem, and refused to return the child to Mother.

On April 15, 1991, Father filed for dissolution of marriage. On July 30, 1991, Mother filed a motion and affidavits for temporary maintenance, child support, attorney's fees and also requested custody of the minor child. On October 16, 1992, Father filed a response and cross motion requesting custody, child support, attorney's fees, suit money and costs pendente lite.

On November 18, 1992, the trial court held a hearing on both motions. The court granted custody of the minor child to Mother, subject to visitation with Father, and ordered Father to pay child support of $520 per month and to pay attorney fees of $1,000.

On appeal Father raises two issues. First, he asserts the trial court erred in awarding custody of the minor child to Mother because the award was not supported by substantial evidence and constituted an abuse of discretion. Second, he contests the award of child support as excessive and argues was not calculated pursuant to Rule 88.01. It is agreed that neither party filed a Form No. 14 report.

In reviewing motions in a temporary custody order, this court is limited to determining whether the order is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court has authority to award temporary custody pending dissolution of marriage after a party submits a motion accompanied by affidavits. Section 452.380.1 RSMo 1986. We will not disturb a trial court's custody award unless it is manifestly erroneous and the welfare of the child requires a different disposition than that made by the trial court. *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 397 (Mo.App.1992). Also, in temporary child custody cases where the parents both want custody of the child pending the final disposition of a dissolution, we especially hesitate to alter the order of the trial court.

■ Father argues the trial court did not consider the best interests of the child by failing to give weight and consideration to the home environment in which the child will live. He contends his home is clearly the best location for the child to live. Father asserts the Mother's home environment will have an adverse effect on the welfare of the child. Father supports these arguments by noticing that Mother has moved three times during their separation, she works, she allowed the child to live with Father for several months, and Father will arrange frequent visits between the child and his half-sister.

Mother replies that she has had custody of the child from the separation until March of 1991, she allows the child regular visits with his half-sister, and she has respected Father's parental rights. She further points out that Father is currently living with his fiancee and he was in arrears on child support which he owed to Mother.

■ A good environment and stable home are considered the most important factors in custody cases, *Rothfuss v. Whalen*, 812 S.W.2d 232, 235 (Mo.App.1991). The boy lived with Mother from the time he was born to the beginning of 1991 when Father took the child to live with him in Salem, Missouri. Evidence was introduced on both sides as to the living conditions in both St. Louis and Salem. There were facts to support a finding Mother offered a proper home environment. Hence, the trial court's decision was not manifestly erroneous and we affirm the grant of temporary custody to Mother.

Father next contends the trial court erred in ordering him to pay child support in the amount of $520 per month to Mother because the decision was against the weight of the evidence and is an erroneous application of the law.

Father argues the trial court erred as a matter of law by not requiring the parties to file Form No. 14 reports. Father also claims the court erred by not entering a finding explaining why the court did not use Form No. 14.

Section 452.340.7 RSMo Cum.Supp.1990 mandates the use of the child support guidelines in determining the amount of child support. *Rothfuss*, 812 S.W.2d at 237. The guidelines are contained in Rule 88.01. This rule requires a court to consider all relevant factors including: (a) the financial resources and needs of the child; (b) the financial resources and needs of the parents; (c) the standard of living the child would have enjoyed had the marriage not been dissolved; (d) the physical and emotional condition of the child; and (e) the educational needs of the child. Furthermore, § 452.340.8 RSMo Cum.Supp.1990 and Rule 88.01(e) create a rebuttable presumption that the amount of child support calculated pursuant to the guidelines is the amount to be awarded. This presumption is rebutted by a written finding or specific finding on the record that the amount calculated pursuant to the guidelines would be unjust or inappropriate in a particular case. *Rothfuss*, 812 S.W.2d at 237.

■ However, no presumption and no requirement for a written finding exists when the parties to the child support action did not complete Form No. 14 and submit it to the trial court. Neither party filed Form No. 14. A party cannot invoke this presumption by submitting Form No. 14 in the appellate court. *See Ibrahim v. Ibrahim*, 825 S.W.2d 391, 398 (Mo.App.1992). "This is akin to pursuing a different theory for recovery on appeal than was pursued at trial. As such this court will not, on review, convict a lower court of error on an issue that was not put before it." *Id.* at 398. Hence, there is no presumption of correctness to support the award. However, it does not follow that the award fails where Rule 88.01 was ignored by both parties at a PDL hearing. We hold the judgment was not a nullity on these facts. We suggest it was not good practice to ignore a tool available to the parties and the court for determining the proper amount of child support.

■ In this case, neither Father nor Mother submitted a completed Form No. 14 to the trial court. Therefore, there is no available presumption that the award calcu-

lated according to Form No. 14 is correct and controlling. Furthermore, the trial court committed no error solely because it failed to make a written or specific finding on the record regarding the amount of the award where the evidence supported the amount.

Father's next argument is the trial court's order that he pay $520 per month in child support was against the weight of the evidence. He contends Mother only needs $65 per month for the child's direct needs and $100 per month for the child's housing needs. It is his view that Mother's income meets these needs and, therefore, no assistance is needed. Father also contends the trial court erred in imputing income to him after he testified that he was no longer working.

 Wide discretion is vested in the trial court with respect to the granting of child support. *Rothfuss v. Whalen,* 812 S.W.2d 232, 237 (Mo.App.1991). This court has previously stated that the purpose of an award of a temporary allowance is to maintain the status quo pending final judgment. *Id.* We are extremely cautious about altering them because they are temporary and do not extend beyond the final hearing of the case. However, even though income can be imputed to a father for the children's best interests, such must be in the father's capacity to earn. *Keck v. Keck,* 820 S.W.2d 727, 729 (Mo.App.1991). Father testified he previously made $24,000—$25,000 per year. He was laid off at the time of the hearing. In the absence of evidence the period of unemployment was other than temporary, we find no error in imputing the amount of demonstrated earning capacity for the PDL award. Accordingly, we hold that the trial court did not err in granting defendant $520 per month in child support.

We affirm.

PUDLOWSKI and CRANDALL, JJ., concur.