**Nancy S. McCORMICK, Respondent,**

v.

**Ronald M. McCORMICK, Jr., Appellant.**

No. 69955.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 19, 1996.

Donald Rhodes, Bloomfield, for appellant.

Benjamin F. Lewis, Vogel, Layton & Lewis, Cape Girardeau, for respondent.

AHRENS, Judge.

Appellant, Ronald McCormick, appeals from a judgment entered by the Circuit Court of Cape Girardeau County modifying a dissolution decree and increasing his child support for the parties' minor children. We affirm.

In Cape Girardeau County, Ronald filed a motion to modify his dissolution decree with his second wife, Nancy McCormick, seeking a modification in the amount of child support he was paying for the couple's two minor children. Nancy filed a cross motion to modify, asking for an increase in the amount of child support payable to her. In Bollinger County, Ronald filed a motion to modify his dissolution decree with his first wife, Esther McCormick, seeking a modification in the amount of child support he was paying for the couple's three minor children. In each proceeding Ronald asked that the cases be consolidated.

The trial judge denied the motions to consolidate, but did consolidate the cases for the purposes of trial. After a hearing, the trial judge modified the divorce decree between Ronald and Nancy, increasing the monthly child support payable to Nancy from $154.50 to $350.00. The trial judge also entered a judgment in the Bollinger County case between Ronald and Esther, increasing the child support payable to Esther. Ronald appealed the judgment in the Bollinger County case to the Southern District Court of Appeals. Ronald appeals the judgment in the Cape Girardeau County case to this Court.

In his first point on appeal, Ronald claims that the trial court erred in failing to consolidate the two modification proceedings. We disagree.

The decision whether to consolidate separate proceedings lies in the discretion of the trial court. Rule 66.01. These cases involved separate parties with cases pending in separate counties. Under these circumstances, we cannot say that the trial court abused its discretion. Point denied.

In his second point on appeal, Ronald argues that the trial court erred in employing the procedure that it used to calculate the amount of child support due. Since the trial court had before it two separate cases, each seeking child support modification, the court used three Form 14's in reaching its final child support calculations.

First, the court calculated Nancy's Form 14 child support adjusted for Ronald's present child support to Esther, which resulted in presumed child support to Nancy of $422.00 per month. The court then calculated what Esther's child support should be considering Ronald's revised child support to Nancy. Next, the court recalculated Nancy's child support using the revised child support to Esther to reach the presumed child support amount of $389.00. The court found that the amount would be unjust and inappropriate under the circumstances and reduced the presumed amount owed by Ronald to Nancy to $350.00 per month, and entered judgment accordingly.

An award of child support is within the sound discretion of the trial court, and the trial court's ruling will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Rothfuss v. Whalen*, 812 S.W.2d 232, 235 (Mo.App.1991); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Ronald is correct in his assertion that Form 14 and Rule 88.01 provide no guidance for situations involving the simultaneous calculation of support for children residing in two different, previously dissolved, households. However, under normal circumstances, these hearings would be separate and held at different times, and would use

separate Form 14's. Under the circumstances, the judge applied Form 14 in a logical way, determining that the child support due to one of the parties had to be calculated first. We find no abuse of discretion in the way the trial judge calculated the amount of child support.

Ronald further argues that the calculations are erroneous on their face because the trial court used the current child support obligation owed to Esther on the Form 14 worksheet when he calculated the child support owed to Nancy. We find no error in the trial court's calculations.

The court used Ronald's current child support obligation to Esther on Form 14's line 2a which subtracts other ordered child support being made from the non-custodial parent's monthly gross income. On the Form 14 calculating the amount of child support owed to Nancy, the court would necessarily have to enter on line 2a the amount of child support currently being paid to Esther.

▇ Ronald next argues that the trial court erred by not deducting Nancy's federal income tax credit for child care on Form 14's line 4b. In making its Form 14 calculations, the trial court is to determine the custodial parent's reasonable work-related child care costs, less any federal income tax credit. *Leone v. Leone*, 917 S.W.2d 608, 613 (Mo. App.1996). However, Ronald did not offer any evidence at trial pertaining to federal income tax credits. Ronald simply speculates in his brief on appeal that, "[a]s Nancy was getting the tax deductions for both children, presumably she received income tax credit for her child care costs." Under these circumstances, we do not find that the trial court abused its discretion in failing to consider the income tax credits in its calculations. *Id.* Point denied.

In Ronald's third point on appeal, he argues that the trial court erred in awarding different child support amounts to the children of Ronald's first and second marriages in violation of the children's equal protection rights. Ronald claims that each of his children from his previous marriages should all receive equal payments of child support.

▇ Ronald raises this constitutional issue for the first time on appeal. No constitutional issue is preserved unless it is raised at the earliest possible time. *Leahy v. Leahy*, 858 S.W.2d 221, 229 (Mo. banc 1993). Since Ronald did not raise this issue in a timely manner, the issue is not preserved for appeal. Point denied.

▇ In his last point, Ronald again argues that the trial court erred in not ordering that he pay each of his children equal amounts of child support. Ronald argues that failing to award payments in equal amounts violates equity, good conscience, and Missouri public policy.

▇ This court knows of no authority to grant Ronald's request to mandatorily require equal child support payments to his children of different marriages, nor does Ronald cite any authority in his argument on appeal. Ronald is correct in his assertion that the primary concern in a child support modification proceeding is the welfare of the children. *Kieninger v. Kieninger*, 836 S.W.2d 515, 517 (Mo.App.1992). However, it does not follow from this assertion that children of two separate marriages must be treated equally.

We again note that the trial court has broad discretion in awarding child support and we will not interfere with that award absent a clear abuse of discretion. *Rothfuss*, 812 S.W.2d at 237.

Section 452.340.7, RSMo 1994 mandates the use of the child support guidelines when determining the amount of child support. *Rothfuss*, 812 S.W.2d at 237. Rule 88.01 requires a court in making its award to consider "all relevant factors, including: (a) the financial resources and needs of the child; (b) the financial resources and needs of the parents; (c) the standard of living the child would have enjoyed had the marriage not been dissolved; (d) the physical and emotional condition of the child; and (e) the educational needs of the child." *Id.* Rule 88.01 clearly indicates that two of the relevant factors which the court must consider in awarding child support are the standard of living the child would have enjoyed if the parents were still together, and the financial resources and needs of the parents. The

child support guidelines are, therefore, based on the financial resources of *both* parents in a specific situation. Rule 88.01.

There are several factors in these separate households which would justify the disparity in the child support payments. Esther has three children which Ronald is supporting while Nancy has only two children. Form 14 contemplates that the cost of supporting children decreases incrementally with each additional child. Nancy also has child care costs which Esther does not incur. It follows that Nancy requires more support to account for those costs. Numerous other factors, not present here, such as extraordinary medical expenses, health insurance costs, or other extraordinary child rearing expenses can account for discrepancies in child support awards in separate households. Form 14. The consideration of these factors in determining child support weighs against Ronald's argument that children in separate households must necessarily be treated equally. We find no abuse of discretion in the judge's award of child support. Point denied.

Nancy McCormick has also filed a Motion for Attorneys Fees for Frivolous Appeal. We do not find that this case is so frivolous as to warrant a judgment for attorney's fees.

The judgment of the trial court is affirmed.

DOWD and RHODES RUSSELL, JJ., concur.