

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DMITRIY DUBROVENSKIY, | ) | No. ED106756 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| YELENA VAKULA, | ) | Honorable Jason D. Dodson |
| | ) | |
| Respondent/Respondent. | ) | Filed: March 12, 2019 |

## Introduction

Dimitriy Dubrovenskiy (Husband) appeals from the trial court's Amended Judgment Pendente Lite (JPL) ordering him to pay temporary maintenance to Yelena Vakula (Wife). The JPL also orders a temporary custody arrangement for their minor child (Child). We affirm.

## Facts and Background

Husband and Wife married on August 14, 2013, and have one child together, who was approximately three years old at the time of the JPL hearing. The parties separated on June 10, 2017. At the time of their separation, Wife left the marital home and moved in with her parents. Husband continued to occupy the marital home.

A Petition for Dissolution of Marriage was filed by Husband on June 23, 2017. Husband also filed a Motion for Child Custody, and Other Orders, Pendente Lite on that same day. Wife

filed an answer and counter-petition to Husband's motions, seeking temporary custody of Child, temporary maintenance, temporary child support, and attorney's fees from Husband.

A hearing was held on Husband's and Wife's respective motions. Wife testified to several incidents of domestic violence by Husband, including his kicking, choking, and head-butting her. She also expressed concern for Child's welfare while with Husband, testifying she had observed Child return from Husband's care with bruises, fever, nausea, and diaper rash. Wife also testified about her financial and living situations since leaving Husband. She stated she had moved back in with her parents because she could not afford other accommodations. She also testified she was not working at the time of the hearing, but was seeking employment.

Husband testified about his living and financial situations as well. He testified he continued to live in the marital home where he pays rent and utilities. He testified Wife had restricted his contact with Child since their separation. He also expressed concern over Child's well-being, noting Child was, in his view, not sufficiently progressing with his verbal skills. Husband suggested he believed this was due to shortcomings in Wife's parenting. Both parties submitted proposed parenting schedules.

The court-appointed guardian ad litem (GAL) testified on the matter of child custody at the hearing. He noted the allegations of child abuse by Husband were unsubstantiated by investigators, and that Husband appeared diligent in his care and concern for Child. He also presented the Court with a recommendation for a temporary custody schedule, which included increased custody time for Husband.

The trial court entered a Judgment Pendente Lite. Husband filed a Motion to Reconsider the trial court's first Judgment Pendente Lite. The trial court denied Husband's motion, and entered the JPL from which Husband now appeals.

The JPL contains the trial court's findings of fact and conclusions of law. The trial court found Wife's testimony of Husband's domestic violence toward her credible, but did not find sufficient evidence of his abuse of Child. The trial court found Wife's restriction of Husband's contact with Child was done in good faith, out of concern for Husband's history of domestic violence. The trial court chose to adopt the schedule proposed by the GAL; the trial court noted it expected compliance with the custody schedule from Wife.

The trial court also made findings related to the temporary maintenance requested by Wife. Although Wife was unemployed at the time of the hearing, based on her experience and past employment the trial court imputed to her a gross monthly income of $2,063. Husband's gross monthly income was found to be $6,438. After evaluating the evidence, including the standard of living during the marriage, the trial court found Wife's reasonable monthly expenses to be $2,593. After subtracting taxes and expenses from her imputed income, this left her with a deficit of $972.51.

Husband was estimated to have monthly expenses of $2,285, similar to Wife's. The trial court also found Husband had a higher earning capacity than Wife. The trial court again noted it found Wife's allegations of domestic violence against Husband credible. Finally, the trial court stated that although the marriage was brief, and it was doubtful an order for maintenance would accompany a final judgment, there was no expectation Wife would become self-supporting during the pendency of the case. After having considered all relevant statutory factors, the trial court awarded Wife temporary maintenance of $900 per month. The trial court also awarded Wife retroactive maintenance to the date of filing, that being four months prior, and awarded her $3,600. This appeal follows.

Husband makes two points on appeal. Point I asserts the trial court erred in awarding temporary maintenance to Wife because it improperly included living expenses not currently being paid by Wife due to Wife's relocating to her parents' house, where she was not paying rent at the time of the hearing. Husband asserts that because Wife did not testify to having a specific intent to move out of her parents' house, any expenses for rent and utilities considered by the trial court were "speculative," and the trial court erred by considering them. Point II asserts the trial court erred in finding Husband committed acts of domestic violence against Wife because it was not supported by sufficient evidence, and that adopting the GAL's proposed custody plan was against the weight of the evidence.

## Point I

### Standard of Review

Generally, appellate review of a court-tried case is limited to a determination of whether substantial evidence supports the trial court's judgment, whether it is against the weight of evidence, or whether it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court has considerable discretion in weighing the statutory factors when deciding whether to award maintenance. Section 452.335[2]; Childers v. Childers, 26 S.W.3d 851, 854 (Mo. App. W.D. 2000). The necessity of this broad discretion stems from the

---

[1] Although Husband's appeals contains but two claims of error, others are suggested at various points in his briefs. Husband suggests in his Statement of Facts the trial court improperly calculated his monthly expenses. Husband suggests in his Argument section the trial court erred in making its order for temporary maintenance retroactive. Then in his reply brief, Husband suggests the trial court erred in not adopting his expert's recommendation for the income to be imputed to Wife. Additionally, in both briefs submitted to this Court, Husband implies the trial court abused its discretion in limiting time for Husband's cross-examination of Wife. None of these claims are made or encompassed by Husband's Points Relied On, and thus they are not before this Court for review. Rule 84.04(e); see also Hutchings v. Roling, 193 S.W.3d 334, 346 (Mo. App. E.D. 2006), citing City of Sullivan v. Truckstop Restaurants, 142 S.W.3d 181, 193 (Mo. App. E.D. 2004).

[2] All statutory references are to RSMo 2016.

trial court's superior vantage to assess the credibility of witnesses, as well as the merits of each of the parties' claimed expenses. Schroeder v. Schroeder, 924 S.W.2d 22, 26 (Mo. App. E.D. 1996). This discretion broadens further still when awarding temporary maintenance, as its effects are temporary and do not extend beyond the final hearing of the case. Camden v. Camden, 844 S.W.2d 75, 78 (Mo. App. E.D. 1992) (citations omitted).

## Discussion

Section 452.315.1 authorizes either party to a marriage dissolution to move for temporary maintenance. This same statute directs the trial court to make a determination of whether and how much temporary maintenance is warranted by evaluating the factors set forth in Section 452.335, the statute governing maintenance orders upon final judgment of the underlying dissolution. "The purpose of temporary allowances is to maintain the status quo pending final judgment." Tisone v. Tisone, 881 S.W.2d 647, 648 (Mo. App. E.D. 1994).

In order to be entitled to temporary maintenance, the moving party must meet a threshold showing that she (1) lacks sufficient property, including marital property apportioned by the dissolution judgment, to provide for her reasonable needs, and (2) is unable to support herself through appropriate employment, or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. Section 452.335.

The JPL granting Wife temporary maintenance was accompanied by the trial court's findings of fact and conclusions of law. The trial court analyzed the relevant factors under Section 452.335. The trial court calculated Husband's income, the income it was to impute to Wife based on her skills and employment history, and Wife's and Husband's respective financial needs. In calculating their needs, the trial court referenced the standard of living during the

5

marriage; specifically, it referenced the cost of the marital home occupied by Husband and Wife before the dissolution, using that cost as a basis to find the parties' current reasonable needs.

The trial court found Wife did not currently possess sufficient property to meet her own reasonable needs. The trial court also found there was no likelihood Wife would become self-supporting during the pendency of the dissolution proceedings. The trial court considered the short duration of the marriage, deciding while it was unlikely maintenance would accompany a final judgment, the short duration did not foreclose the possibility of temporary maintenance. The trial court considered Husband's higher income, and found he would be able to afford to pay Wife maintenance for the duration of the proceedings. Finally, the trial court considered the parties' conduct during the marriage, finding Husband had committed domestic violence against Wife, which weighed in favor of a maintenance award.

The crux of Husband's argument on appeal is the trial court erred by considering the rent and utility costs of the marital home which Husband occupied at the time of the hearing in determining Wife's reasonable needs. In Husband's view, because Wife moved in with her parents and currently pays them no rent, Wife failed to establish her reasonable needs include any rent or utilities whatsoever.

We do not find the trial court abused its discretion by calculating Wife's reasonable needs as it did. At the outset, we note Section 452.335 directs the trial court to order maintenance where appropriate to meet the moving spouse's *reasonable* needs, not necessarily their *current* needs. To do so, the statute directs the court to consider a number of factors to establish what those needs are. One of these factors is the standard of living during the marriage. Evidence of what the rent and utility payments were in the marital home is direct evidence of the standard of

6

living the couple enjoyed during the marriage. The trial court applied the statute as written when it considered such evidence to determine Wife's reasonable needs.

Husband nonetheless argues this application was error because Wife failed to establish she planned to move out of her parents' home. There are a number of flaws with this argument. First, the record does not support Husband's view that there was no evidence Wife would move out of her parents' home. Wife testified at the hearing the only reason she lived with her parents was that she lacked the money to live elsewhere. The reasonable inference is when she does not lack the money to live elsewhere, she will live elsewhere. While she does not explicitly state a plan to do so, such an inference is in line with the judgment reached, and on review this Court "view[s] the evidence and permissible inferences therefrom in the light most favorable to the trial court's judgment and disregard[s] all contrary evidence and inferences." Sheerin v. Sheerin, 475 S.W.3d 704, 706 (Mo. App. E.D. 2015), citing In re Marriage of Maninger, 106 S.W.3d 4, 9 (Mo. App. E.D. 2003).

More broadly, Husband errs in attempting to classify the rent and utility expenses as "speculative" merely by virtue of Wife not currently paying them. It is true an award of maintenance cannot be based solely on "speculation based on uncertain and contingent future events." Childers, 26 S.W.3d at 857, citing In re Marriage of Liljedahl, 942 S.W.2d 919, 925 (Mo. App. S.D. 1996). But the trial court was not speculating when it considered the rent and utility costs; it was considering the standard of living during the marriage, which is precisely what Section 452.335 directs it to do. Attempting to reclassify the standard of living as "speculative" merely because it is not the current state of affairs is little more than mincing words. Further, characterizing it as such would be contrary to case law holding a spouse cannot be penalized for accepting a downgraded living situation in the course of obtaining a dissolution

7

when later seeking maintenance based on the standard of living enjoyed during the marriage. Goodwin v. Goodwin, 746 S.W.2d 124, 127 (Mo. App. S.D. 1988); see also In re Marriage of Neu, 167 S.W.3d 791, 798 (Mo. App. E.D. 2005) ("A court may properly consider expenses that a spouse plans to incur and that will meet reasonable needs when the anticipated expenses are typical of those reasonably incurred during the marriage, even though the spouse may not be incurring those expenses at the time of trial.").

"In order to justify a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who is required to pay." Rombach v. Rombach, 867 S.W.2d 500, 505 (Mo. banc 1993) (citation omitted). Husband cannot argue the trial court's determination of Wife's reasonable rent and utility costs was unwarranted, as it is identical to his own. See Goodwin, 746 S.W.2d at 128. And he does not argue it is wholly beyond his means to pay. The trial court's order for temporary maintenance was amply supported by the evidence and did not misstate or misapply the law. Point I is denied.

## Point II

### Standard of Review

In reviewing an order for temporary custody pending final judgment, this Court is limited to determining whether the order is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. Foster v. Foster, 844 S.W.2d 559, 560 (Mo App. E.D. 1992), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We view all evidence in the light most favorable to the result reached, and disregard any contrary evidence and inferences. McGowan v. McGowan, 43 S.W.3d 857, 861 (Mo. App. E.D. 2001) (citation omitted). We defer to the trial court's determination of witness credibility; the trial court is free to accept or reject all, part, or none of the testimony of a witness. Id. "The

8

judgment of the trial court is to be affirmed under any reasonable theory supported by the evidence." Buchheit v. Buchheit, 768 S.W.2d 641, 642 (Mo. App. S.D. 1989), citing Ware v. Ware, 647 S.W.2d 582, 584 (Mo. App. E.D. 1983). This Court affords even greater deference to the trial court in reviewing a temporary order of custody, as the underlying cause has not yet reached a final disposition. Foster, 844 S.W.2d at 560.

## Discussion

Section 452.375 directs courts to determine contested child custody arrangements in accordance with the best interests of the child. Section 452.375.2 directs courts to a non-exclusive list of factors that are to guide them in determining the child's best interests. One of these factors is "[t]he mental and physical health of all individuals involved, including any history of abuse of any individuals involved." The trial court found Husband had committed domestic violence against Wife, and, per Missouri law, this weighed against him when crafting the temporary custody order.

It is clear Husband takes issue with the trial court's findings. However, Husband's claim of error attempts to encompass two separate claims. He argues both that the trial court erred in finding he had committed domestic violence, which we take to mean he believes the evidence was insufficient to make such a finding, and that the trial court erred in adopting the GAL's proposed custody schedule over Husband's because the trial court determining the GAL's schedule to be in the child's best interest was against the weight of the evidence. Multifarious point notwithstanding, we find both of these claims without merit.

First, Husband claims there was not sufficient evidence to find he had committed domestic violence. At the hearing, Wife testified he had committed domestic violence. The trial court found her credible. Credible witness testimony as to an event's occurrence is sufficient

9

evidence to find that event occurred. At the hearing and on appeal, Husband disputes Wife's account of his violent acts toward her. However, we are unable to reweigh the parties' testimony on appeal. "We view the evidence and the inference therefrom in the light most favorable to the judgment and disregard all contrary evidence. Additionally, we defer to the trial court's determinations as to the credibility of witnesses." McGowan, 43 S.W.3d at 861 (internal citations omitted). It is clear the trial court found Wife more credible when she testified Husband committed domestic violence than Husband when he testified he did not, and we defer to the trial court's credibility determination.

Second, Husband claims the trial court erred when it found the GAL's proposed parenting plan was in Child's best interest, as that was against the weight of the evidence. Husband points out not every statutory factor considered by the trial court weighed against him, and some weighed in his favor. For instance, the trial court found Husband to be a concerned parent who cherishes his time with Child. The trial court also found Husband to be the parent more likely to allow Child frequent, continuing, and meaningful contact with the other parent. Finally, the trial court noted Wife's allegations of Husband's abuse of Child were unsubstantiated.

These factors weighed in Husband's favor, but were countered by Wife's credible testimony of Husband's violent acts against her. However, Husband argues in his brief the trial court was not at liberty to weigh his history of domestic violence against him so heavily, because it did not find he had directed his violence against Child. This argument is without merit. Section 452.375.2(6) directs courts to consider "any history of abuse of any individuals involved;" it does not limit the court's consideration to abuse against the child whose custody is

in question. The trial court acted within its discretion when determining the weight to afford Husband's history of domestic violence toward Wife.

As stated, domestic violence is a factor under Section 452.375.2 that courts are to consider, which the trial court did. The fact Husband also had substantial factors weighing in his favor is likely the reason the trial court adopted the GAL's parenting plan, which represented a halfway point between the parties' respective proposed plans, and included substantially more time with Child than Wife's proposed plan. The trial court made written findings on all relevant factors in making its determination, in accordance with Section 452.375. Husband fails to demonstrate the trial court's findings were against the weight of the evidence, or not supported by sufficient evidence. Given the temporary nature of the custody order at issue, "we especially hesitate to alter the order of the trial court." Foster, 844 S.W.2d at 560.

Conclusion

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, P.J.

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

11