In re The Marriage of Spencer L.
DICKINSON, II, Respondent,

v.

Sonja H. DICKINSON, Appellant.

No. 43499.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clyde C. Farris, Jr., Clayton, for appellant.

William B. Smith, William Sitzer, St. Louis, for respondent.

CRIST, Judge.

This appeal is from a dissolution of marriage decree. The appellant (hereinafter wife) assigns as error: (1) The trial court's refusal to make an outright award to her of the family residence; (2) the decree's provision that she may live in the family residence only until the younger of the parties' two children reaches his majority or becomes emancipated, whereupon the residence will be sold and the proceeds divided between the parties; and that while living in the residence, wife must pay all mortgage payments, property taxes, and homeowners' insurance premiums; (3) the award of $500.00 per month child support; and (4) the award of $300.00 per month maintenance. However, we find those provisions of the decree supported by substantial evidence and not against the weight of the evidence, and there being no error of law an extended opinion on those matters would have no precedential value. We affirm those provisions in the decree in accordance with Rule 84.16(b).

Wife also assigns as error the trial court's award of attorneys' fees to both her counsel and that of the husband, with the order that the fees be paid directly to counsel out of two joint marital savings accounts. We vacate the award because it does not comport with the authorization therefor in § 452.355, RSMo. 1978:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 [i.e., the Dissolution of Marriage Act] and for attorney's fees . . . . The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Section 452.355, RSMo. 1978 is taken from § 313 of the Uniform Marriage and Divorce Act. The provision for attorney's fees is amplified in the Commissioners' Note to § 313 of the Uniform Act: "The purpose of this section is to authorize the payment of costs and a reasonable fee *by one party to the other party's attorney* if the court . . . determines the order to be necessary." (Emphasis added.) The trial court was authorized to award attorney's fees to one party and against the other, but there is no authority to fix the fee to be paid by one party to his own attorney, or to order fees paid out of undivided marital property. See: *Sullivan v. Levin*, 555 S.W.2d 261, 263 (Ky.1977). Because the trial court erroneously applied § 452.355, RSMo. 1978, we vacate the attorneys' fees award and remand the cause for reconsideration of what, if any, attorneys' fees should be awarded consistent with this opinion.

Wife also contends that attorney's fees cannot be awarded in any event because they were not specifically prayed for in the pleadings. However, she will have on remand ample notice and opportunity to oppose any request for attorney's fees, which will avert any prejudice claimed to arise from a pleading deficiency. See: *Bishop v. Bishop*, 618 S.W.2d 261, 263 (Mo. App.1981).

The trial court also decreed that "[wife] is to pay for all routine maintenance on [the family] residence. Petitioner [i.e., husband] is to pay for 40% of all structural repairs over $200.00." We agree with the wife's claim that ambiguity in the provision may prove troublesome, and therefore modify the second sentence of the above-quoted provision to read: "Petitioner is to pay for 40% of all necessary repairs that cost more than $200.00."

The attorneys' fees award is vacated, and the cause remanded for reconsideration of that matter and for disposition of the two marital savings accounts. In all other respects, the decree as modified herein is affirmed.

REINHARD, P. J., and SNYDER, J., concur.