Ronald Lee STONE,
Respondent/Cross-Appellant,

v.

Helga STONE,
Appellant/Cross-Respondent.

Nos. 51193, 51194.

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 3, 1987.

Robert M. Clayton, Hannibal, for appellant/cross-respondent.

Branson L. Wood, Hannibal, for respondent/cross-appellant.

DOWD, Presiding Judge.

Husband and wife appeal from the judgment of the trial court, pursuant to a petition for dissolution, awarding no maintenance, ordering an equal division of husband's disposable military pension, and ordering husband to pay wife's attorney fees. We affirm.

Appellant/cross-respondent Helga Stone (hereinafter "wife"), and respondent/cross-appellant Ronald Stone (hereinafter "husband"), were first married on August 1, 1959. Two children were born of this marriage, Daniel J. Stone and Teresa Kim Stone, both of whom are now emancipated.

Husband and wife were divorced on December 20, 1966 in the State of California. A separation agreement was entered into by the parties at this time, whereby each party was released from all liabilities, debts and obligations, including any claims for support or maintenance.

Husband and wife remarried in Missouri on February 14, 1970. The parties separated on June 18, 1978 and have lived apart since that date.

Husband filed for dissolution of the second marriage on January 11, 1979. Wife failed to appear at the hearing on March 2, 1979 and a default judgment was entered granting a dissolution of marriage but making no disposition of marital property.

Wife, by her legal guardian, filed a petition challenging the dissolution decree. After hearing evidence on wife's petition, the court concluded that wife was mentally ill and incompetent at the time of the March 2, 1979 judgment. Because wife's interests were not represented at that hearing, the court ordered the March 2, 1979 judgment be set aside.

This cause was heard by the court on July 12, 1985. Evidence presented at the hearing showed wife is a ward of the state. Testimony indicated wife held various types of employment in the past. The court found, however, that wife has, and continues to suffer from, a hysterical neurosis. This dissociative type of chronic mental disorder limits and impairs wife's ability to engage in gainful employment. Because of this illness, wife lives in an apartment complex operated by the Department of Mental Health and is under its supervision and control. Wife has long term goals of being placed back into the community. Her current income consists entirely of public assistance.

Husband's income consists of part-time employment and a military pension. Testimony indicated husband had worked full time for $7.00 an hour until March 1984. Presently, he works approximately twenty-five hours a week for the minimum hourly wage. Husband also receives a military pension based on his service in the United States Navy from November 7, 1957 until April 13, 1977. Husband became entitled to, and began receiving pension benefits, beginning in May 1977. Husband currently receives pension benefits in the amount of $725.00 per month.

Based on the evidence presented at trial, the court awarded no maintenance, ordered an equal division of husband's disposable military pension, and ordered husband to pay wife's attorney fees.

Wife appeals from that portion of the judgment awarding no maintenance. Husband cross-appeals from the trial court's judgment awarding wife fifty percent of the military pension as her share of the marital property and ordering husband to pay wife's attorney fees.

Wife, on appeal, contends the court erred by failing to award periodic maintenance of an indefinite duration. She contends that based on her mental illness and her inability to support herself an award of substantial maintenance is required. Wife further contends that at least an award of nominal maintenance is required in order to preserve jurisdiction.

The granting or refusing of maintenance under § 452.335, RSMo 1986, is a matter of judicial discretion, and in either case will not be disturbed unless there is a showing of an abuse of discretion. *Royal v. Royal*, 617 S.W.2d 615, 619 (Mo.App.1981).

■ Where there is an attempt to show an abuse of discretion, it is important to note that § 452.335 grants the trial court wide latitude in decreeing spousal maintenance. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800 (Mo. banc 1983). Moreover, the decree is not required to meet all the needs of the spouse receiving the award. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 828 (Mo. banc 1984). Rather, the trial court must balance the spouse's ability to pay against the reasonable needs of the spouse seeking maintenance. *Sawtell v. Sawtell*, 569 S.W.2d 286, 288 (Mo. App.1978). Where possible, such reasonable needs are to be met by the division of marital property. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857 (Mo.App. banc 1977).

■ After balancing wife's reasonable needs against husband's ability to pay in the instant case, we cannot say the trial court erred in failing to order periodic maintenance. The evidence showed that husband's income consists of a salary from part-time employment at the minimum hourly wage and the proceeds of a military pension in the amount of $725.00 per month. Wife's income consists entirely of public assistance.

Although the court did not grant wife maintenance, fifty percent of husband's disposable military pension was allocated to wife in the marital property distribution. Husband was also ordered to pay wife's attorney fees. In view of the economic circumstances of each spouse and the other provisions of the decree, we find that the trial court did not abuse its discretion by failing to order husband to pay periodic maintenance.

Wife further contends the trial court erred by failing to grant at least nominal maintenance. Wife contends that nominal maintenance is required to preserve jurisdiction of the issue for future modification. Wife feels she will need additional maintenance if her long term goal of rehabilitation is realized and she is placed back into the community.

■ The retention of jurisdiction over the issue of maintenance by granting nominal maintenance is appropriate where "the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potentiality for disabling the [spouse] from remaining self-supporting...." *McBane v. McBane*, 553 S.W.2d 521, 524 (Mo.App.1977); *see also, Abney v. Abney*, 575 S.W.2d 842, 844 (Mo. App.1978). Here, however, at the time of the marriage dissolution, wife was disabled and was not self-supporting as her condition precluded her from seeking employment. The full extent of wife's disabling condition, as well as the future possibility that wife may someday be released from the care of the Department of Mental Health, were before the trial court at the time of trial. The court obviously took wife's disabling condition into account in awarding her one-half of the military pension in the marital property distribution. The trial court did not abuse its discretion in refusing to grant periodic or nominal maintenance.

In his cross-appeal, husband contends the trial court exceeded its jurisdiction in awarding wife fifty percent of the disposable income from husband's nondisability military retirement pension. The trial court stated, in its conclusions of law, that federal statute imposes a ten year marriage requirement as a pre-condition to distributing a military pension as marital property. The trial court held, however, that the duration of the parties' two separate marriages to each other could be tacked together for purposes of fulfilling the ten year requirement.

Husband contends the court erred in tacking together the length of the two marriage periods in order to meet the federal statutory requirement. Pursuant to the first divorce, a settlement agreement was entered into whereby the parties determined their property rights and released each other from any and all liabilities and claims either one may have against the other. The agreement did not specifically mention husband's nonvested, unmatured pension plan. Husband contends, however, that any rights to the pension acquired during the seven years of the first marriage cannot be applied toward the ten year requirement because such rights were effectively waived in the first divorce settlement.

■ We affirm the trial court's award of fifty percent of the military pension to wife on grounds the ten year marriage requirement provided by federal statute applies only to direct payments from a military pension account by the Secretary of the service branch to the receiving former spouse. We need not address, therefore, husband's allegations of error directed towards the trial court's tacking together of the time periods from the two marriages.

The Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1982), (hereinafter USFSPA), provides a federal enforcement mechanism for court ordered property division of military retired pay available to former spouses of military personnel. Upon filing of a court order with respect to the payment of a portion of the retired pay to the former spouse, the USFSPA provides a means for direct payment by the Secretary of the service branch to the receiving former spouse.

The USFSPA nullified the United States Supreme Court's holding in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69

L.Ed.2d 589 (1981), that state courts could not divide military retirement pay as a part of a property division in a dissolution proceeding. The statute now permits, but does not require, state courts to treat all disposable military retirement pay as marital property:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1) (1982). Military pensions are treated as marital property according to Missouri law. *Coates v. Coates,* 650 S.W.2d 307, 312 (Mo.App.1983).

The trial court apparently relied on subsection (d)(2) of the USFSPA in erroneously concluding that the Act's ten year marriage requirement was a prerequisite to division of a military pension as marital property by a court. On appeal, a correct decision of the trial court will not be set aside even though the judgment is based on an incorrect theory. *Gruetzemacher v. Billings,* 348 S.W.2d 952, 955 (Mo.1961).

Subsection (d)(2) of the USFSPA provides:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

We construe this durational requirement as modifying only the immediately preceding paragraph, subsection (d)(1), and is therefore only a pre-condition where direct payment from the Secretary is sought. Subsection (d)(1) provides in part:

> After effective service on the Secretary concerned of a court order with respect to the payment of a portion of the retired or retainer pay of a member to the spouse or a former spouse of the member, the Secretary shall, subject to the limitations of this section, make payments to the spouse or former spouse in the amount of the disposable retired or retainer pay of the member specifically provided for in the court order.

Both the legislative history of the USFSPA and case law construing the act, support our construction of the ten year durational requirement as being a prerequisite only to direct payment by the Secretary. In order to ascertain legislative intent, a court should trace the historical development of the legislation, considering all changes and modifications of legislative policy. *State ex rel. LeBeau v. Kelly,* 697 S.W.2d 312, 314 (Mo.App.1985). The legislative history of the USFSPA illustrates that Congress specifically rejected a duration of marriage requirement as a prerequisite to consideration of military pensions as marital property by the states:

> The conferees agreed to remove the restriction that would require 10 years of marriage before military retired pay could be considered property by the courts. The conferees further agreed, however, that direct payments by the service finance centers to a former spouse from the member's retired pay based on a division of that retired pay as property would be limited to situations in which the former spouse was married to the member for at least 10 years while the member performed military service.

House Conf. Rpt. No. 97–749, 97th Cong. 2d Sess. 165, 166–67, *reprinted in,* 1982 U.S. Code Cong. & Ad.News 1555, 1570, 1572. The rationale for eliminating a duration of marriage requirement before military retired pay could be considered marital property by state courts was explained as follows:

> [A]doption of any duration of marriage requirement would be directly contrary to the primary purpose of S. 1814—to return to the States the authority to

treat military pensions in the same manner as they treat other retirement benefits.... [I]f a marriage requirement of any duration was included in the bill, it would restrict the courts' ability to deal equitably with those who were married less than the required number of years. S. Rpt. No. 97–502, 97th Cong. 2d Sess. 10, *reprinted in*, 1982 U.S.Code Cong. & Ad. News 1596, 1604–05.

Case law from other jurisdictions also supports our construction of the USFSPA. In fact, every court which has directly considered this issue has likewise concluded that a state court's authority to divide military retired pay is not restricted to cases in which the marriage has lasted for more than ten years during the service member's military career:

> Subsection (d)(2) thus does not create a ten-year marriage rule for the receipt of benefits by the former spouse. Rather, it merely provides that before the Secretary is required to make *direct* payments to the former spouse, the parties must have been married at least ten years during which time one spouse was earning credit toward military retirement pay. If the ten-year requirement is not met, the military retiree must himself make payments to the former spouse.

*Oxelgren v. Oxelgren*, 670 S.W.2d 411, 412 (Tex.App.1984); *see also*, *Le Vine v. Spickelmier*, 109 Idaho 341, 707 P.2d 452, 455 (1985); *In re Marriage of Wood*, 66 Or. App. 941, 676 P.2d 338, 340–41 (1984); *Konzen v. Konzen*, 103 Wash.2d 470, 693 P.2d 97, 99–100 (1985) (en banc), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985).

In summary, we hold subsection (d)(2) of the USFSPA is not a prerequisite to distribution of a military pension as marital property by a state court. The duration of marriage requirement is only a pre-condition to direct payment by the Secretary to the former spouse. The trial court did not err in awarding wife fifty percent of the military pension.

Husband's final allegation of error on appeal is that the trial court erred in ordering husband to pay wife's attorney fees. The trial court has broad discretion to award attorney fees and may do so even where the financial need of the recipient spouse has not been established. *Pederson v. Pederson*, 599 S.W.2d 51, 54 (Mo.App. 1980). Here we find the financial need of wife was established and we find no abuse of discretion.

The judgment of the trial court is affirmed.

SIMEONE and CRIST, JJ., concur.