In re Marriage of William GREEN, Petitioner/Respondent,

v.

Joann GREEN, Respondent/Appellant.

No. 54967.

Missouri Court of Appeals, Eastern District, Division Two.

May 16, 1989.

1. The entire amount of wife's attorney's fees attested to was $3,000 of which wife is still responsible for $1,000.

William R. Gartenberg, Clayton, for respondent-appellant.

William J. Hormberg, St. Louis, for petitioner-respondent.

GARY M. GAERTNER, Judge.

Joann Green (hereinafter referred to as Wife) appeals the decree of dissolution ordered by the Circuit Court of St. Louis County. Wife asserts three points of error on appeal: 1) The trial court's failure to award maintenance was against the weight of the evidence and a misapplication of the law; 2) the trial court's failure to award or dispose of all marital property was a misapplication of the relevant law; and 3) the trial court's order that attorney's fees for both counsel be paid out of marital assets was beyond its authority.

The evidence reveals that the parties were married on July 1, 1955, and separated on May 15, 1987. Five children were born of the marriage and all are now emancipated. It is uncontested that Wife has never worked outside of the home. She spent the majority of her married life raising the children. The youngest son, his wife and two children now reside in the marital home with Wife. The evidence suggests that Wife is a skilled baby-sitter.

Husband retired in November of 1987 from the St. Louis Police Department after more than 26 years of service. Upon retirement he received $31,547.61 in a lump sum, out of which has been paid the remaining debt of $8,000.00 on the marital home, $5,000.00 to Wife pursuant to a Pendente Lite Order, and $500.00 to Wife's attorney. Additionally, Husband receives $1,295.59 per month in pension benefits. Husband continues to work on a part-time, albeit sporadic, basis, as a security guard at McDonnell–Douglas. Upon an examination of the record, it appears that Husband is a man of poor health. He has sugar diabetes, which is controlled by insulin injections, high blood pressure, three ulcers, and a bad kidney.

Husband petitioned for a dissolution of the marriage and the trial court found the marriage irretrievably broken. A decree of dissolution was issued on May 11, 1988, which awarded most of the marital assets one-half to each party. However, the decree did not distribute a credit union account accumulated during the marriage or a pending civil lawsuit instituted by Husband prior to the parties' separation. In its order, the trial court also awarded each party's attorney $2,500.00 to be paid from a joint savings account prior to its distribution. Additional facts will be set forth as they become warranted by our discussion of the issues.

At the outset we recognize the appropriate standard of review. A decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D.

1982). We will set aside a divorce decree on the basis that it is against the weight of the evidence only with caution and with a firm belief that it is clearly wrong. *Butler v. Butler,* 698 S.W.2d 545, 548 (Mo.App., E.D.1985).

In Wife's first point, she asserts that the trial court, in refusing to award maintenance, did not consider all the factors required by RSMo § 452.335(1) (1986).[1] Specifically, Wife contends that she lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and that she is unable to support herself through appropriate employment. Additionally, Wife argues that the trial court's failure to award maintenance was both against the weight of the evidence and a misapplication of the law.

■■■ Wife makes a compelling argument although she fails to consider the discretion left to the trial court and does not persuade this court that she has overcome the standard of review. The determination of maintenance is within the broad discretion of the trial court and an award or denial thereof will not be disturbed absent a showing of an abuse of that discretion. *Royal v. Royal,* 617 S.W.2d 615, 619 (Mo.App., W.D.1981). We cannot find that the trial court erred in refusing to award Wife maintenance in any significant amount; however, this court believes Wife should have been awarded nominal maintenance in the amount of $1.00 annually, in light of the inconclusive evidence as to both Husband's and Wife's future employment prospects.

A decree of dissolution is not required to meet all the needs of the spouse seeking a maintenance award. *Stone v. Stone,* 725 S.W.2d 145 (Mo.App., E.D.1987). Rather, the trial court must balance the spouse's ability to pay against the reasonable needs of the spouse seeking maintenance. Where possible, such reasonable needs are to be met by the division of marital property. *Stone,* 725 S.W.2d 145, 147.

The facts of *Stone,* applicable to Wife's first point insofar as they support the denial of any significant monthly award of maintenance at the present time, are pertinent to the present case. Mr. Stone's income, like Husband's in the present case, consisted of part-time employment and a military pension. Mrs. Stone had an impaired ability to engage in gainful employment and her income was derived solely from public assistance. The trial court ordered an equal division of husband's disposable military pension but awarded no maintenance. Upon balancing the wife's needs with the husband's ability to pay, this court affirmed the order. Our analysis focused on the fact that, although the wife received no maintenance, fifty percent of husband's disposable military pension was allocated to her in the marital property distribution. In the present case, the evidence suggests that Husband's ability to pay, at least at the present time, is limited by his ill health. Moreover, Wife has received 50% of Husband's disposable Police Pension in the marital property distribution.

In her second point, Wife argues that because all marital assets were not distributed by the trial court's decree of dissolution the appeal must be dismissed. However, at oral argument on this matter the parties agreed to equally divide these assets, a credit union account and any proceeds from a pending lawsuit Husband has filed.

■■■ Wife's third assignment of error is the trial court's order requiring attorney's fees to be paid out of a joint bank account prior to its distribution to the parties. Wife argues that a trial court has no au-

---

**1.** 452.335. Maintenance order-findings required for.–1. In a proceeding for nonretroactive invalidity, dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order to either spouse; but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose conditon or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

thority under RSMo § 452.355 (1986) to order attorney's fees to be paid out of specific assets or to fix the fee to be paid out by one party to his own attorney. The trial court's order is a misapplication of the law and must be vacated.

Section 452.355 (1986) provides:

1) The court from time to time after considering all relevant factors including the financial resources of both parties *may order a party to pay a reasonable amount for the costs to the other party of maintaining or defending any proceeding under sections 452.300 to 452.-415 and for attorney's fees,* including sums for legal services rendered and costs incurred prior to commencement of the proceeding or after entry of judgment ... [emphasis added]

The purpose of this section is to authorize court ordered payment of costs and reasonable fees by one party to the other party's attorney if the court determines the order to be necessary. *Dickinson v. Dickinson,* 631 S.W.2d 61, 62 (Mo.App., E.D.1982). "The trial court was authorized to award attorney's fees to one party and against the other, but there is no authority to fix the fee to be paid by one party to his own attorney, or to order fees paid out of undivided marital property." *Id.* at 62. This court's declaration of the law in *Dickinson* makes it clear that the trial court's order is a misapplication of the law. However, we affirm the trial court's order insofar as it merely divides the account equally between the parties.

The order is affirmed in part, vacated in part and modified in part.

GRIMM, P.J., and KAROHL, J., concur.