**STATE of Missouri, ex rel., Margie PAIGE, Relator,**

v.

**Joseph A. GOEKE, III, Judge of the 21st Circuit Court of St. Louis County, Respondent.**

No. 71390.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Application to Transfer Denied May 27, 1997.

Hilton, Gillespie, & Kiesewetter, L.L.C., Bruce F. Hilton, Lawrence G. Gillespie, Webster Groves, for Relator.

The Schechter Law Firm, P.C., Theodore S. Schechter, Michael L. Schechter, Michael P. Cohan, Clayton, for Respondent.

HOFF, Presiding Judge.

Relator, Margie Paige (Paige), seeks a Writ of Prohibition to prevent the Honorable Joseph A. Goeke, III (respondent), from entering a judgment in the amount of $64,-921.87 against Paige and in favor of the Schechter Law Firm, P.C. f/k/a Schechter & Watkins (Law Firm), for its representation of Paige in a dissolution of marriage proceeding. The judgment was sought within the dissolution of marriage lawsuit styled *Margie Ann Ernst n/k/a/ Paige v. Edward Paul Ernst*, Cause Number 647520. On October 15, 1996, an application for a Writ of Prohibition was filed with this Court on behalf of Paige. On October 30, 1996, this Court issued its preliminary order in prohibition. We now make the Writ of Prohibition absolute.

Paige employed Law Firm to represent her in a dissolution action against her husband, Edward Paul Ernst (Ernst) pursuant to a written fee agreement signed on February 19, 1993. Law Firm represented Paige throughout the dissolution proceeding and subsequent motions. A Decree of Dissolution was entered on June 29, 1994 which awarded Paige various items of property in addition to other relief. Respondent, at various times during and after the dissolution proceeding, ordered Ernst to pay Law Firm amounts totalling $45,100.00 for Paige's attorney's fees.

On March 15, 1995, Law Firm filed its Notice of Attorney's Lien against the proceeds of the judgment awarded to Paige in the dissolution proceeding. On August 6, 1996, Law Firm filed, ancillary to the dissolution action, a Motion for Judgment on Lien requesting $64,921.87. Paige filed an Entry of Appearance and Motion to Dismiss claiming respondent did not have jurisdiction to enter a judgment in favor of Law Firm and against Paige ancillary to the dissolution action.

On October 7, 1996 Respondent denied the Motion to Dismiss and entered judgment for $64,921.87 in favor of Law Firm and against Paige. The order stated "Execution and Levy is hereby ordered to issue forthwith." Paige filed a Writ of Prohibition with this Court on October 15, 1996.

■ In her application for a Writ of Prohibition, Paige claims that respondent did not have jurisdiction, ancillary to the dissolution action, to award Law Firm a judgment against Paige for attorney's fees owed for her legal representation during the dissolution proceeding. In the alternative, Paige contends that respondent had no jurisdiction to enter judgment for $64,921.87 because respondent had already granted Law Firm judgments against Ernst in the amount of $45,100.00 for Law Firm's representation of Paige. We agree that respondent did not have jurisdiction to fix and enter a judgment for attorney's fees in favor of Law Firm and against Paige ancillary to the dissolution action and not through a separate suit.

■ Prohibition is an appropriate remedy where the lower court lacks jurisdiction to proceed. *State ex rel. Hartman v. Kintz*, 832 S.W.2d 9, 10 (Mo.App. E.D.1992).

The authority to grant a judgment for attorney's fees against a lawyer's own client within a dissolution action was first addressed in *Dickinson v. Dickinson*, 631 S.W.2d 61 (Mo.App. E.D.1982). The trial court in *Dickinson* ordered that attorney's fees be paid to each party's counsel out of joint marital accounts. *Id.* at 62. This Court ruled that the trial court did not have the authority to fix a fee to be paid by one party to his own attorney or to order that fees be paid out of undivided marital property. *Id.*

This position was reaffirmed by this Court in *Green v. Green*, 770 S.W.2d 489 (Mo.App. E.D.1989). In *Green*, we held that a trial court cannot "order attorney's fees to be paid out of specific assets or to fix the fee to be paid out by one party to his own attorney." *Id.* at 492.

■ The *Dickinson* and *Green* opinions rely on § 452.355 [1] for their conclusions. This statute states:

The court from time to time after considering all relevant factors including the financial resources of both parties *may order a party to pay a reasonable amount for the cost to the other party* of maintaining or defending any proceeding under sections 452.300 to 452.415 [2] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

§ 452.355.1 RSMo 1994 (emphasis and footnote added).

We find *Dickinson, Green* and their interpretation of § 452.355 controlling. Therefore, we find § 452.355.1 RSMo 1994 authorizes an award of attorney's fees to the opposing party or to the opposing party's attorney to be enforced directly in the attorney's name. We do not interpret this provision to authorize entry of a judgment for fees to be paid by a party to her own attorney in a dissolution proceeding.

■ Law Firm's argument that because these proceedings were ancillary to the dissolution proceeding they should not be governed by § 452.355.1 RSMo 1994 is without merit. Under § 452.355.1 RSMo 1994, respondent could not have awarded attorney's fees to Law Firm for Paige's representation as part of the dissolution decree. Law Firm cannot avoid the application of § 452.355.1 RSMo 1994 by requesting attorney's fees against its own client after the decree is entered.

Additionally, Law Firm claims that § 484.130 RSMo 1994 grants it a lien upon its client's cause of action.

Section 484.130 RSMo 1994 states:

The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

■ We find that although this statute may grant a lien to Law Firm against Paige's judgment, it does not grant a judgment in a specific amount against Paige, nor a general execution against any of Paige's assets. We note that we are not precluding Law Firm from collecting its fees through other legal methods.

Because of our finding that respondent had no jurisdiction to fix and enter a judgment for attorney's fees against Paige ancillary to the dissolution action, we need not address Paige's alternative point in her application.

The preliminary Writ of Prohibition is made absolute. Respondent is ordered to vacate his order of October 7, 1996 in which he granted a judgment in favor of Law Firm against Paige for $64,921.87.

CRANDALL, J., concurs.

CRAHAN, J., concurs in separate opinion.

CRAHAN, Judge, concurring.

I concur in the principal opinion. I write separately to emphasize that our disposition of this writ makes it unnecessary to decide whether the attorney's lien statute, § 484.130 RSMo 1994, creates a lien on marital property divided in a dissolution decree. I question whether a decree dividing marital property can properly be characterized as a "verdict, report, decision or judgment in his client's favor" as required by the statute. Both parties assumed that the statute does apply but Law Firm's proffered reasons are not partic-

---

**1.** The *Dickinson* court analyzed § 452.355 RSMo 1978. The *Green* court analyzed § 452.355 RSMo 1986, which is identical. The language of those sections has not changed and remains the same as the language at issue here in § 452.355.1 RSMo 1994.

**2.** The Dissolution of Marriage Act.

ularly persuasive and raise a host of policy concerns, including many of the concerns that underlie the bar against contingent fees in dissolution cases. The principal opinion wisely leaves resolution of those issues to another day.