In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

DMITRIY DUBROVENSKIY, ) No. ED108836
 )
 Petitioner/Appellant, ) Appeal from the Circuit Court
 ) of St. Louis County
v. )
 )
YELENA VAKULA, ) Honorable Ellen W. Dunne
 )
 Respondent/Respondent. ) Filed: April 13, 2021

 Introduction

 Dmitriy Dubrovenskiy (Husband) appeals from the trial court’s amended judgment of

dissolution of marriage. Husband raises five points on appeal, challenging the trial court’s

granting of nominal modifiable maintenance, division of two savings accounts, assignment of the

child tax exemption, order requiring Husband to pay a portion of Yelena Vakula’s (Wife)

attorney’s fees, and unequal division of marital property. We affirm.

 Factual and Procedural Background

 Husband and Wife were married on August 14, 2013. Their only child together was born

in 2015. On June 22, 2017, Husband filed a Petition for Dissolution of Marriage. Several weeks

later, Wife filed a Counter Petition for Dissolution of Marriage. A hearing was held, and the

court entered a Judgment Pendente Lite (JPL) in January 2018. The JPL ordered Husband to pay

temporary maintenance and child support to Wife and awarded him limited custody of the minor

child.

 1
 Both Husband and Wife filed motions to amend the JPL. Following a hearing, the court

issued an Amended JPL, modifying its findings as to Husband’s and Wife’s reasonable needs.

Husband appealed the Amended JPL and this Court affirmed. See Dubrovenskiy v. Vakula, 574

S.W.3d 287 (Mo. App. E.D. 2019). Husband also filed a motion seeking additional custody. In

November 2018, the trial court granted Husband’s motion, awarding him 50 percent custody of

the minor child. Thereafter, the parties entered into a Stipulated Parenting Plan that provided for

joint legal custody and joint physical custody.

 Trial occurred in May 2019. In addition to the Stipulated Parenting Plan, the court also

incorporated a Trial Stipulation that identified the separate property of Husband and Wife. At

trial, the court received numerous exhibits and heard testimony from both Husband and Wife.

Significantly, Wife testified to having held numerous contract-based jobs during the marriage.

She also testified to having had several periods of unemployment during the marriage, and to

typically being paid a much lower hourly rate than she was being paid at her current job.

 The trial court entered its judgment on November 18, 2019. After considering the parties’

changed employment circumstances, the court found Husband’s reasonable needs to be $2,876

per month. The court found Husband’s net monthly income to be $3,523.73, leaving him with a

surplus of $647.73. Likewise, the court found Wife’s reasonable needs to be $3,359.32 and her

net monthly income to be $3,647.37, leaving her with a monthly surplus of $288.05. After

analyzing and weighing each factor under section 452.335.2 RSMo, the court found “Wife is

able to meet her reasonable needs and therefore denies Wife’s request for maintenance.”

 The court also found there had “been some level of domestic violence against Wife.”

However, the court stated, “Wife engaged in some abusive behavior to Husband” and Wife likely

exaggerated the extent of the abuse. Notably, the court awarded Wife 51 percent of the parties’

marital property and awarded Husband 49 percent of their marital property. The court then

 2
detailed what it considered to be marital property and explained how it reached its calculations.

Specifically, the court ruled favorably to Wife regarding the division of Fidelity and JP Morgan

accounts acquired by Husband before their marriage. The court held Husband failed to show the

appreciation attributable to the account’s nonmarital component, and therefore the court sided

with Wife in finding a larger portion of both accounts to be marital property.

 The court ruled Wife was entitled to take the tax exemption for the minor child each year.

The court then considered Wife’s request for Husband to pay her attorney’s fees. Acknowledging

Husband already paid $12,500 to Wife in attorney’s fees as ordered in the JPL, the court ordered

Husband to pay an additional $15,000 of Wife’s attorney’s fees.

 Following the judgment, Husband filed a Motion to Amend, Modify or Correct Judgment

or for New Trial. In his motion, Husband challenged the court’s determinations regarding the

division of the bank accounts, arguing the court should have found a smaller amount of each

account to be considered marital property. Additionally, Husband requested the court eliminate

his obligation to pay $15,000 of Wife’s attorney’s fees.

 Similarly, Wife filed a Motion to Amend Judgment of Dissolution. In her motion, Wife

requested the court award her $1 per month in statutory, modifiable maintenance because she

was a contractual employee and therefore may not be continuously employed and may not

continue to make the same hourly rate. Wife also requested the court award her additional

attorney’s fees.

 On March 17, 2020, the court entered both an Amended Judgment of Dissolution of

Marriage and an Order and Judgment Concerning Motions to Amend. In response to Husband’s

citations to Gambrel v. Gambrel, 943 S.W.2d 314, 315 (Mo. App. E.D. 1997) and Pruitt v. Pruitt,

94 S.W.3d 429, 434 (Mo. App. E.D. 2003), the court utilized the method from those cases in

determining the portions of the Fidelity account that were marital versus nonmarital property.

 3
Accordingly, the court amended the judgment to reduce the marital portion of the Fidelity

account. However, the court did not reduce the marital allocation of the JP Morgan Account

because Husband provided no evidence as to the length of time he held the account before their

marriage.

 In response to Wife’s motion, the court awarded Wife nominal modifiable maintenance

of $1 per year, largely because of Wife’s uncertain employment prospects and reduced award of

marital property. Again noting the reduced marital property award to Wife and her uncertain

employment prospects, the court ordered Husband to pay $27,500 in attorney’s fees to Wife.

 This appeal follows.

 Points Relied On

 Husband raises five points on appeal. In his first point, Husband contends the trial court

erred in awarding Wife nominal modifiable maintenance. In his second point, Husband argues

the court erred in awarding Wife 15 percent of the Fidelity account and 17 percent of the JP

Morgan account. In his third point, Husband contends the court erred in awarding Wife the tax

exemption for the minor child. In his fourth point, Husband argues the court erred in ordering

him to pay a portion of Wife’s attorney’s fees. Finally, in his fifth point, Husband claims the

court erred by awarding an unequal division of the marital property.

 Point I - Nominal Modifiable Maintenance

 Standard of Review

 In a court-tried case, we will affirm the judgment of the trial court unless there is no

substantial evidence to support it, it is against the weight of the evidence, or it erroneously

declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

Significantly, “[a]ppellate courts must affirm the award of maintenance unless there is no

substantial evidence to support it.” Valentine v. Valentine, 400 S.W.3d 14, 20 (Mo. App. E.D.

 4
2013). We grant the trial court significant discretion in awarding maintenance, and to prevail, the

appellant must show an abuse of that discretion. Id. “An abuse of discretion occurs where the

trial court’s determination is so arbitrary and unreasonable that it shocks the sense of justice and

indicates lack of careful consideration.” Ferry v. Ferry, 327 S.W.3d 599, 602 (Mo. App. E.D.

2010).

 The trial court’s judgment is presumed to be valid and the appellant bears the burden of

demonstrating the trial court’s judgment is incorrect. Id. “Further, we view the evidence as

favorable to the decree, disregarding contrary evidence and deferring to the trial court even if the

evidence could support a different conclusion.” Whitworth v. Whitworth, 878 S.W.2d 479, 483

(Mo. App. W.D. 1994).

 Discussion

 In his first point on appeal, Husband argues the trial court abused its discretion in

awarding Wife $1 per year in nominal modifiable maintenance. Husband contends the award of

nominal modifiable maintenance was not supported by substantial evidence because Wife has a

degree, a clear history of employment, and no impairment that would limit her future earning

capacity.

 Contrary to Husband’s claims, the court’s decision to award Wife nominal modifiable

maintenance was supported by the evidence. Specifically, Wife’s testimony regarding her

employment history indicated her employment contract would expire in the near future.

Moreover, Wife provided evidence of several periods of unemployment. Wife’s testimony and

evidence indicated Wife typically earned far less than her current hourly pay of $30 per hour.

Furthermore, the court emphasized Wife was now receiving substantially less marital property.

 Husband also criticizes the trial court’s citation to Green v. Green, 770 S.W.2d 489 (Mo.

App. E.D. 1989). In Green, this Court awarded nominal modifiable maintenance in light of the

 5
party’s uncertain future employment prospects. Id. at 491. Husband contends the current case is

dissimilar to Green because here, Wife has a current monthly surplus, a degree, a well-paying

job, and no physical ailments. However, Husband’s arguments fail to acknowledge that Wife’s

employment contract was expiring two months from the time of judgment, creating uncertainty

as to her future employment prospects and ability to be self-sustaining. Husband also overlooks

evidence of Wife’s employment history showing she typically did not earn enough to support

herself and often underwent periods of unemployment.

 As the trial court explained by citing Green and Graves, nominal modifiable maintenance

is appropriate in situations where one spouse’s ability to remain self-supporting in the future is in

substantial jeopardy. See, e.g., Graves v. Graves, 967 S.W.2d 632, 638-39 (Mo. App. W.D.

1998); Bushhammer v. Bushhammer, 816 S.W.2d 271 (Mo. App. W.D. 1991); Bell v. Bell, 641

S.W.2d 854 (Mo. App. W.D. 1982). Here, we find substantial evidence did support the trial

court’s determination to grant Wife nominal modifiable maintenance. Husband’s arguments fail

to properly consider the evidence the trial court relied upon and fall short of overcoming the

deferential standard of review granted to that court.

 The trial court’s nominal modifiable maintenance award was supported by the evidence.

Point I is denied.

 Point II - Division of Fidelity and JP Morgan Accounts

 Standard of Review

 In a court-tried case, we will affirm the judgment of the trial court unless there is no

substantial evidence to support it, it is against the weight of the evidence, or it erroneously

declares or applies the law. Murphy, 536 S.W.2d at 32. We afford the trial court broad discretion

in identifying and dividing marital property and will only interfere with the trial court’s decision

if it constitutes an abuse of discretion. Cule v. Cule, 457 S.W.3d 858, 864-65 (Mo. App. E.D.

 6
2015). “We presume the trial court’s division of property to be correct, and the party challenging

the division has the burden of overcoming this presumption.” Id. at 865.

 Fidelity 401(k) Account

 Husband contends the trial court misapplied the law in awarding Wife 15 percent of the

Fidelity account. Husband argues the account was funded entirely prior to their marriage, and

therefore the court should have only considered a small portion of the account to be marital

property. In support of his contention, Husband cites section 452.330.4 RSMo, which states,

“Property which would otherwise be nonmarital property shall not become marital property

solely because it may have become commingled with marital property.” Notably, Husband

challenges the trial court’s use of the method described in Gambrel and Pruitt, contending that

method is erroneous and should not have been applied because his retirement plan is composed

entirely of stocks and is not a pension plan.

 Tellingly, Husband introduced the Gambrel method of dividing his account that he now

contends was erroneous. Husband’s Motion to Amend cites to Gambrel and Pruitt, stating:

 Even if this Court did not accept that the plan administrator was an appropriate expert
 to testify, it still should have analyzed the separate and marital components of the
 Fidelity Account. Pruitt v. Pruitt, 94 S.W.3d 429, 434 (Mo. App. E.D. 2003) (holding
 that the trial court should have determined what portion of the company retirement
 account was separate when Husband testified he has worked for company since two
 years before the marriage, no mention of any other evidence); Gambrel v. Gambrel,
 943 S.W.2d 314, 315 (Mo. App. E.D. 1997) (holding that the trial court should have
 determined the marital and nonmarital portion of a retirement account based only on
 Husband’s testimony).

Following Husband’s motion, the court utilized the method described in Gambrel to

determine Wife’s portion of the Fidelity account.

 “A party on appeal generally must stand or fall by the theory on which he tried and

submitted his case in the court below.” Slavens v. Slavens, 379 S.W.3d 900, 904 (Mo. App.

W.D. 2012) (internal quotation marks and citations omitted). Here, in Husband’s Motion to

 7
Amend, he claimed the trial court should have analyzed the separate components of the

account pursuant to Gambrel and Pruitt. In response to his motion, the court did just that and

followed the formula from Gambrel to divide the Fidelity account. We cannot now allow

Husband to complain of the very division method which he requested. See Taylor v. Taylor,

525 S.W.3d 608, 613 (Mo. App. S.D. 2017) (“a party cannot lead a trial court into error and

then employ the error as a source of complaint on appeal”). “[W]hether or not the trial court's

classification of these assets as marital was in error is irrelevant because even if the

classifications were error, they were ‘invited error.’” Workman v. Workman, 293 S.W.3d 89,

101 (Mo. App. E.D. 2009).

 However, even if this point were preserved for our review, Husband’s argument is

not availing because the trial court did not abuse its discretion. In Gambrel, the trial court was

tasked with dividing pension benefits between marital and nonmarital property. The court

used a formula to divide the benefits, stating:

 Husband testified that he had accumulated twenty-seven years in his pension
 program—ten [years] since the marriage and seventeen before the marriage. Based
 on the evidence before the trial court, only thirty-seven percent of husband’s
 pension benefits accumulated at the time of dissolution were marital property.
 Accordingly, we modify the judgment of the trial court and award wife one-half of
 thirty-seven percent of husband’s pension benefits accumulated at the time of
 dissolution.

Gambrel, 943 S.W.2d at 315-16.

 Following Gambrel, here the trial court considered the amount of years Husband held

the Fidelity account before marriage against the total amount of years he held the account.

The court found Husband held the account for 21 years, 15 of which preceded his marriage.

Accordingly, the court held 71 percent of the Fidelity account to be nonmarital property and

29 percent to be marital property. The court then found 29 percent of the account was

$80,928.74. Accordingly, the court awarded Wife 51 percent of the marital portion.

 8
 Notably, the Missouri Supreme Court has implicitly approved the formula from

Gambrel, stating “a worker is considered to have earned a ratable proportion of his or her

pension as that person works, so that if a spouse was married for one-half of his or her

working life, the former spouse would be entitled to a proportionate share of one-half of

the pension benefits.” Mo. Prosecuting Attys. v. Barton Cty., 311 S.W.3d 737, 743 (Mo.

banc 2010). Likewise, in Kelly v. Kelly, the Western District held the trial court did not

abuse its discretion by dividing a savings plan based upon the length of the marriage

versus the length of employment. 340 S.W.3d 673, 680 (Mo. App. W.D. 2011). The trial

court found the husband had worked for 26 years, 3 of which he was married. Id. at 679.

Accordingly, the trial court held 11.5 percent of the account balance to be marital

property (3/26 = 11.54%). Id. The trial court then granted the wife 50 percent of the 11.5

percent. Id. In affirming the trial court’s judgment, the Western District explained “in

these circumstances, and lacking information to make a more precise allocation, we

cannot say that the circuit court abused its discretion in setting apart a portion of the

Thrift Savings Plan account as non-marital based on the percentage of Husband’s HUD

employment which occurred prior to his marriage to Wife.” Id. at 680.

 Here, the trial court’s use of Gambrel to divide Husband’s Fidelity account was not

an abuse of discretion. Husband provided the court with no evidence regarding the tracing of

marital and nonmarital components of the account. The court did, however, know the amount

of years Husband held the account before the marriage and calculated accordingly. We find

no reason why such a method would be considered an abuse of discretion, especially

considering Husband failed to provide any additional information to allow for a more exact

calculation.

 9
 Husband also argues the trial court erred in its calculations, reflecting an inconsistent

judgment. However, as conceded by Husband, if the trial court’s calculations were inaccurate

at all, they were off by $586.03 at most. “Even assuming the trial court erred in its

calculations and that it intended to make an equal property division, we find no reason to

disturb the trial court’s property division for such a small miscalculation.” Lee v. Lee, 967

S.W.2d 82, 87 (Mo. App. W.D. 1998). We will only reverse the trial court’s decision if the

error materially impacts the overall distribution of marital property. Halupa v. Halupa, 943

S.W.2d 272, 278 (Mo. App. E.D. 1997). Husband has not shown how such a small potential

miscalculation impacts the overall distribution of marital property. Given the relative

insignificance of the trial court’s potential miscalculation, Husband was not prejudiced.

 JP Morgan Account

 Husband also contends the trial court misapplied the law in awarding Wife 17

percent of the JP Morgan account.1 Specifically, Husband alleges the trial court’s

mathematical error in dividing this account was even more significant, as the court used a

total value of 110 percent of the account.

 However, Husband’s brief entirely fails to acknowledge the trial court resolved its

miscalculation in its Order and Judgment Concerning Motions to Amend. Specifically,

the order states “the court finds that Husband’s separate interest in the JP Morgan account

is $7871.46 or 66% of the total and the marital portion is $3971.56 or 34% of the total.”

Accordingly, the trial court corrected its error and Husband’s contentions are moot.

Moreover, to the extent the court incorrectly rounded its percentages, Husband again fails

to show how such a small figure impacts the overall distribution of the marital property.

1
 The trial court did not apply the Gambrel formula to the JP Morgan account and instead declined to amend its
previous determinations because, among other things, Husband failed to provide evidence establishing the length of
time he had the account before the marriage.
 10
 Accordingly, the court did not abuse its discretion as to the division of either

account. Point II is denied.

 Point III - Tax Exemption

 Standard of Review

 “The trial court has broad discretion in the allocation of the dependent tax exemption.”

Lenger v. Lenger, 939 S.W.2d 11, 14 (Mo. App. W.D. 1997). See also Hoffman v. Hoffman, 870

S.W.2d 480, 484 (Mo. App. E.D. 1994). In cases where the presumption of who gets the tax

exemption is difficult to apply, the trial court has discretion to award the exemption to either

parent. Simon-Harris v. Harris, 138 S.W.3d 170, 183 (Mo. App. W.D. 2004).

 Discussion

 In his third point on appeal, Husband claims the trial court abused its discretion in

awarding Wife the tax exemption for the minor child every year. Husband claims he should have

at minimum been awarded the tax exemption every other year because he possesses equal

physical custody of the child and he is paying child support.

 In support of his claims, Husband cites Jordan v. Jordan, 984 S.W.2d 878 (Mo. App.

W.D. 1999) for the proposition that courts have allowed a child’s father to claim the tax

exemption, even when the mother was the custodial parent and the father was paying child

support. Noticeably, Jordan does not stand for what Husband claims. If anything, Jordan

illustrates the broad discretion held by the trial court in awarding the exemption and shows how

we will not overturn the trial court’s decision absent an abuse of discretion.

 Here, the record and judgment show the trial court considered the financial positions of

the parties and their custody determinations. Further, the court’s judgment shows Wife was to

receive child support. As stated in Form 14 and Conrad v. Conrad, 76 S.W.3d 305, 313 (Mo.

App. W.D. 2002), “The schedule of basic child support obligations assumes that the parent

 11
entitled to receive support claims the tax exemption for the children entitled to support.”

Accordingly, the trial court did not abuse its discretion in awarding Wife the child tax

exemption. Point III is denied.

 Point IV - Attorney’s Fees

 Standard of Review

 As we stated in Short v. Short:

 In awarding attorney’s fees, the court considers any relevant factors, including the
 spouses’ financial resources and any unreasonable conduct of a spouse during the
 dissolution proceeding that may have increased the other spouse’s attorney’s fees
 and expenses. Furthermore, the trial court is, of course, an expert on the issue of
 attorney’s fees and may independently determine and award such fees as it deems
 appropriate. With respect to such an award, we will not reverse a trial court’s
 decision as to an award of attorney’s fees, unless we find that the court abused its
 discretion.

Short v. Short, 356 S.W.3d 235, 248 (Mo. App. E.D. 2011) (internal quotation marks and

citations omitted). “The trial court has broad discretion in awarding attorney’s fees, and this

court will affirm an award for attorney’s fees unless it is so arbitrary or unreasonable that it

indicates indifference and lack of proper judicial consideration.” Gendron v. Gendron, 996

S.W.2d 668, 672 (Mo. App. W.D. 1999).

 Discussion

 In his fourth point on appeal, Husband contends the court abused its discretion in

ordering him to pay an additional $27,500 of Wife’s attorney’s fees. Husband argues Wife

needlessly increased the cost of litigation by refusing a past custody agreement that proposed

50/50 custody and a distribution of property that was similar to the result reached. Husband also

argues the court failed to adequately consider misconduct by Wife that increased the cost of

litigation.

 Section 452.355 RSMo allows the trial court to award attorney’s fees from “time to time

after considering all relevant factors including the financial resources of the parties, the merits of
 12
the case and the actions of the parties during the pendency of the action.” Section 452.355.1.

Here, the record and judgment show the court considered these factors before awarding

attorney’s fees.

 Specifically, the trial court noted: (1) Wife’s gross monthly income was less than

Husband’s; (2) Wife had some financial resources to pay her attorney’s fees; (3) some of the

parties’ attorney’s fees may have been unnecessarily incurred; (4) Wife suffered some domestic

violence; and (5) there was a period where Wife was unemployed and required support,

providing justification for her pendente lite motions. Significantly, the trial court also considered

Husband’s higher earning potential, his significant separate property, and the almost equal

marital property distribution that was ordered, even while Wife had very little separate property.

 In light of the trial court’s considerations, we do not find the court abused its discretion in

awarding attorney’s fees. Husband has solely focused upon the factors he believes show

attorney’s fees were not warranted. However, as described above, the trial court relied upon

numerous factors justifying the award of attorney’s fees. Accordingly, Husband has failed to

show an abuse of discretion. See Valentine, 400 S.W.3d at 31.

 In light of the factors relied upon by the trial court, an award covering a portion of Wife’s

total attorney’s fees is not “against the logic of the circumstances and so arbitrary and

unreasonable as to shock one’s sense of justice. . . . We find nothing in the record to support a

finding that the trial court’s allocation of fees and expenses was against the logic of the

circumstances before it.” Short, 356 S.W.3d at 248. Point IV is denied.

 Point V - Unequal Division of Marital Property

 Standard of Review

 The trial court is vested with considerable discretion in dividing marital property and we

review its decision with deference. Lagermann v. Lagermann, 109 S.W.3d 239, 242 (Mo. App.

 13
E.D. 2003). “Appellate courts will interfere only if the division of property is so heavily and

unduly weighted in favor of one party as to amount to an abuse of discretion. It is not per se an

abuse of discretion if the trial court awards one party a considerably higher percentage of

the marital property than it awarded the other party.” Workman, 293 S.W.3d at 95-96 (internal

quotation marks and citations omitted). The trial court’s division need not be equal as long as it

is both fair and equitable under the circumstances. Plager v. Plager, 426 S.W.3d 689, 694 (Mo.

App. E.D. 2014). We presume the trial court’s division of property to be correct and the party

challenging the division bears the burden of overcoming the presumption. Souci v. Souci, 284

S.W.3d 749, 754 (Mo. App. S.D. 2009).

 Discussion

 In his fifth point on appeal, Husband argues the trial court abused its discretion by

considering Wife’s debt when granting an unequal division of the marital property in Wife’s

favor because the court already considered her debt in determining to award Wife attorney’s

fees.

 In reaching a just division, trial courts should consider “all relevant factors,” including

“the economic circumstances of each spouse, the contribution of each spouse to the acquisition

of the marital property, the value of the nonmarital property, the conduct of the parties during the

marriage, and the custodial arrangements for any minor children.” Plager, 426 S.W.3d at 693,

citing section 452.330.1(1)-(5). However, the factors listed in section 452.330.1 “are not

exhaustive, and the trial court has great flexibility and far-reaching power in dividing

the marital property.” Souci, 284 S.W.3d at 754 (internal quotation marks and citations omitted).

“Disparity in the value of marital property awarded each spouse is justified if any of the relevant

factors, statutory or otherwise, justify an unequal division.” Id.

 14
 Initially, we note Husband has pointed to no caselaw suggesting it is inappropriate for a

court to award both attorney’s fees and an unequal division of marital property. Additionally, the

court underwent a lengthy analysis of the parties’ circumstances, conduct, and custodial

arrangements. Numerous factors supported the trial court’s decision to grant Wife a slightly

larger portion of their marital property, including Wife’s periodic unemployment, the upcoming

expiration of her employment contract, her hourly pay was typically substantially lower, and her

significant debt. Additionally, Husband has significant non-marital property and Husband was

found to be abusive at times. In light of these considerations justifying an unequal division of

marital property, the trial court did not abuse its discretion in considering Wife’s financial

circumstances and awarding her 51 percent of marital property. Point V is denied.

 Conclusion

 We affirm the judgment of the trial court.

 SHERRI B. SULLIVAN, J.

 Robin Ransom, P.J., and
 Lisa P. Page, J., concur.

 15